CHARLES C. FAIRBANKS ET AL. *v.* TOWN OF ROCKINGHAM AND HENRY C. LANE.

May Term, 1900.

Present : ROWELL, TYLER, MUNSON, START, THOMPSON AND WATSON, JJ.

Opinion filed September 19, 1900.

*Disqualification of justice—V. S. 901—Duties of justice under V. S. 3360 and 3361 judicial*—A justice of the peace, acting under V. S. 3360 and 3361 relating to the appraisal of damages from the grading of a highway, is required to perform judicial functions, and a justice who is a taxpayer of the town concerned, is by V. S. 901 disqualified from so acting, on the ground of interest.

PETITION FOR MANDAMUS brought to the Supreme Court for Windham County at its May Term, 1900. Heard at that term on petition and answers thereto.

*L. W. Read* and *C. H. Robb* for the petitioner.

*C. H. Williams* and *Bolles & Bolles* for the petitionees.

START, J. The petitioners for the purpose of appealing from the assessment of land damages made by the selectmen of the Town of Rockingham, preferred their petition to the defendant, Henry C. Lane, as a justice of the peace, praying for the appointment of commissioners to re-hear and appraise the damages sustained by them by reason of the grading and cutting down of a highway adjacent to their premises. The justice issued a citation commanding the selectmen of the said town to appear before him and show cause why the prayer of the petition should not be granted. The selectmen appeared and moved to dismiss the petition for the reason that the justice was a tax-payer in the Town of Rockingham, and thereupon the justice dismissed the petition. The petitioners pray that a writ of mandamus may issue, commanding the justice to proceed and appoint commissioners to re-appraise their damages agreeably to the provisions

of the statute, and take such further action as the law provides in such cases.

The petitioners concede that the justice was, at the time he issued the citation, and at the time of the hearing before him, a tax-payer in the defendant town. In cases of this kind, if the land-owner is dissatisfied with the amount of damages awarded, or the refusal to award damages, he may petition a justice of the county, residing in an adjoining town, for the appointment of commissioners to appraise his damages; and the land-owner and the town are entitled to the same rights, and are subject to the same liabilities, that are provided by statute in proceedings before a justice to assess the damages caused by laying out a highway. V. S., secs. 3360, 3361. In proceedings before a justice for the assessment of damages when land is taken for a highway, the justice is required to issue a citation stating the time and place of hearing, which, with the petition, must be served on one or more of the selectmen at least six days before the hearing. And if the parties do not agree upon any other mode of appointing commissioners, the justice is required to make a list of eighteen disinterested freeholders of the town in which he resides, and, from this list, the commissioners are selected. V. S., secs. 3308, 3309. The justice is also required to annex a commission to the petition and citation and issue the same to such commissioners, directing them to impartially appraise the damages and make return of their doings on oath to him by a day fixed in the commission, if the damages awarded to any petitioner do not exceed forty dollars; and, on the return of the commissioners' doings to him, he is required to establish the appraisal, unless cause is shown to the contrary, and fix the time within which it shall be paid. V. S., secs. 3310, 3312. Also, the justice is required to allow, or disallow, costs. If the appraisal of the commissioners is more than was offered by the selectmen, he may render judgment for the petitioner to recover his costs; if less, he may render judgment for the town to recover its costs; and

he may issue execution to carry into effect any judgment rendered by him upon the report. V. S. sec. 3313.

The justice, in compliance with these requirements of the statute, was called upon to exercise judgment and discretion. He was required to name eighteen disinterested freeholders residing in a particular town, and thereby to pass upon the qualification of each person whose name he placed upon the list, and to issue to the persons chosen as commissioners a commission directing them as to their duties and procedure; and, if the report was returned to him, it was his duty to tax and award costs, establish the appraisal, unless cause was shown to the contrary, and render a judgment, upon which it was his duty to issue execution. The performance of these duties required him to act in a judicial capacity, and, under V. S., sec. 901, he was prohibited from acting in such capacity, if he was interested in the subject-matter of the petition. That he was interested clearly appears. He, with others, was under a legal duty to pay the damages and costs that should be awarded by his judgment. Being thus interested, he could not proceed to appoint commissioners and issue to them a commission. In order to do this, he must be qualified to do all that is required of a justice in such proceedings.

*Petition dismissed with costs.*